IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| IN RE GUY ALLAN NELSON<br>Motion for Return of Property | Case No. 3:19-mc-00026-TMB-DMS<br><br>**FINAL REPORT AND RECOMMENDATION TO DENY NON-PARTY MOTION FOR RETURN OF PROPERTY [Doc. 26]** |

## I. INTRODUCTION

Guy Allan Nelson has filed a non-party motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g) (Doc. 1). Mr. Nelson, who is currently incarcerated at the Goose Creek Correctional Center, states he is a former client of Kit Karjala, defendant in related case *United States. v. Karjala, et al.*, 3:17-cr-00063.

Nelson seeks the return of (1) audio recordings of phone calls placed at the Anchorage Jail between Nelson and Karjala in 2016 and 2017; (2) video recordings of jail visits between Nelson and Karjala in 2016 and 2017; (3) audio recordings "secretly taken thorough Karjala's Ankle Monitoring Bracelet between May and June 2018, of which Karjala and Nelson conversed while Karjala was acting as Nelson's Attorney of record in a criminal case in State Superior Court"; and (4) "[a]ny and all reports, notes, messages, emails, letters or the like containing any of the conversations or notes of the conversations noted above (however slight)".

The government filed a response in opposition (Doc. 5), arguing that certain of the tapes sought by Mr. Nelson are not his property but are in fact the property of

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property
Page **1** of 7
Case 3:19-mc-00026-TMB-DMS Document 6 Filed 10/07/19 Page 1 of 7

either the State of Alaska or the United States Government (Doc. 5 at 3-5), and that certain of the tapes do not exist (Doc. 5 at 4, 4 n.2). The government also argues that appointment of counsel is not warranted because Nelson has been neither related nor charged in relation to the seized property (Doc. 5 at 5).

Mr. Nelson's motion is now ripe for consideration. For the reasons below, this Court recommends the District Court DENY Mr. Nelson's motion and DISMISS his motion with prejudice.

## II. DISCUSSION

### A. Mr. Nelson has Not Presented Evidence that the Government Possesses Any of the Alleged Recordings; the Government Acknowledges Possession of Only One Video

#### 1. Audio Recordings of Phone Calls Placed at the Anchorage Jail between Nelson and Karjala in 2016 and 2017

Nelson's motion presents no evidence showing that these recordings exist. The government's records apparently reflect that Mr. Nelson used the Securus jail call system to contact a phone number associated with Ms. Karjala, but the government asserts it does not have possession of any audio recordings of those jail calls (Doc. 5 at 4).

#### 2. Video Recordings of Jail Visits Between Nelson and Karjala in 2016 and 2017

Nelson's motion presents no evidence showing that these recordings exist. The government's response acknowledges that Mr. Nelson and Ms. Karjala met in prison on several dates (Gov. Ex. 1 and 2) and states the government is in possession of a single video recording in which Nelson met with Karjala (Doc. 5 at 3-

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property  Page **2** of **7**
Case 3:19-mc-00026-TMB-DMS   Document 6   Filed 10/07/19   Page 2 of 7

4). However, the government rejects Mr. Nelson's claim of an ownership right in the tapes (Doc. 5 at 4-5).

### 3. Audio Recordings "Secretly Taken Through Karjala's Ankle Monitoring Bracelet between May and June 2018, of which Karjala and Nelson conversed while Karjala was acting as Nelson's Attorney of record in a criminal case in State Superior Court"

Nelson's motion presents no evidence showing that these recordings exist. The government's response characterizes this claim as "laughable" (Doc. 5 at 4 n.2). The government notes that electronic monitoring was imposed on Ms. Karjala on or about June 13, 2017, by the Court upon a petition of the United States Probation Office (Doc. 5 at 4 n.2). It therefore asserts that any records relating to her monitoring are the possession of the United States Probation Office, an agency of the Court (Doc. 5 at 4 n.2). The Court is not aware of any technology that allows audio or video recordings to be made through an ankle monitor.

### 4. "Any and all reports, notes, messages, emails, letters or the like containing any of the conversations or notes of the conversations noted above (however slight)"

Nelson's motion presents no evidence showing that such documents exist.

## B. The State of Alaska has a Valid Penological Interest in Videotaping Attorney-Client Visits

Video-taping visits between attorneys and their prisoner clients in prison does not *per se* violate the law. The Fourth Amendment protects from unreasonable search and seizure that which an individual seeks to preserve as private. *Katz v. United States*, 389 U.S. 347, 351 (1967). But an individual's privacy interest is not

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property
Page **3** of **7**
Case 3:19-mc-00026-TMB-DMS  Document 6  Filed 10/07/19  Page 3 of 7

absolute. An individual's expectation of privacy is legitimate if the individual: (1) demonstrates a subjective expectation of privacy in the place being searched, and (2) the expectation is one that society recognizes as objectively reasonable. *California v. Greenwood*, 486 U.S. 35, 39 (1988); *United States v. Schram*, 901 F.3d 1042, 1044 (9th Cir. 2018).

Prisoners enjoy little to no expectation of privacy. In consideration of the administrative challenges faced by prisons, prison regulations may burden a prisoner's fundamental rights so long as they are "reasonably related" to legitimate penological objectives. *See Washington v. Harper*, 494 U.S. 210, 227 (1990); *Turner v. Safley*, 482 U.S. 78, 87 (1987). Accordingly, various curtailments of prisoner privacy rights have been upheld. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517 (1984) (finding that a prisoner had no reasonable expectation of privacy in his prison cell); *Lanza v. New York*, 370 U.S. 139 (1962) (finding that prisoner had no reasonable expectation of privacy in public jail visiting rooms); *United States v. Hitchcock*, 467 F.2d 1107 (9th Cir. 1972) (finding that prisoner had no reasonable expectation of privacy in his cell).

Evidence in related case *United States v. Karjala, et al.*, 3:17-cr-00063 established that the cameras in the Anchorage Correctional Complex serve legitimate penological objectives for the Alaska Department of Corrections (DOC). DOC personnel have testified that narcotics have been a "huge issue" inside ACC, when inmates smuggled narcotics into the prison for profit . *See id.*, Doc. 251 at 264. Narcotics smuggling causes immense supervision problems for the prison when

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property
Page **4** of **7**
Case 3:19-mc-00026-TMB-DMS   Document 6   Filed 10/07/19   Page 4 of 7

attempting to keep inmates safe, not only from overdoses but also from drug-trade-related violence. *See id.*, Doc. 251 at 264. Furthermore, DOC personnel testified that security cameras are necessary both for the security of the institution and for the safety of the individuals in these visits. *See id.*, Doc. 251 at 83. Should an attorney be assaulted during a visit, for instance, video recording is necessary to preserve evidence so that the offender can be charged with the assault. *See id.*, Doc. 25 at 84.

For these reasons, video-taping attorney client visits in prison does not necessarily violate a prisoner's already diminished expectation of privacy.

### C. The Video Recording in the Government's Possession Does Not Belong to Mr. Nelson as a Matter of Law

The evidence before the Court is that one video recording of a meeting between Karjala and Nelson exists. Mr. Nelson cannot, as a matter of law, show the video is his property.

Courts have held that tapes and electronic recordings of conversations are the property of the government agency that created them, and not the property of the person whose conversation is taped or recorded. *Ferreira v. United States*, 350 F.Supp.2d 550, 560-61 (S.D.N.Y. 2004) ("Ferreira **could not seek the return of property that was not his, for instance, any tapes or recordings made by the Government**"); *Bova v. United States*, 460 F.2d 404, 407 (2d Cir. 1972) ("Telephone conversations are not 'property' in the ordinary meaning of language, nor is there any effective method for their 'return.' It is obviously impossible to excise and surrender to the appellants the memories of the agents who conducted

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property   Page **5** of **7**
Case 3:19-mc-00026-TMB-DMS   Document 6   Filed 10/07/19   Page 5 of 7

the interceptions, and **the tapes and logs, as tangible items, are the Government's property, not the appellants'**.")

As noted, courts have held that telephone conversations themselves are not property and therefore not subject to return under Rule 41(g). *See Bova*, 460 F.2d at 407; *In re Vigorito*, 499 F.2d 1351, 1355 (2d Cir. 1974) ("telephone conversations are not 'property' as that term is used in Rule 41(e) [now 41 (g)].").

The videotape of Nelson's meeting with Karjala is the property of the Alaska Department of Corrections. As a result, Mr. Nelson is not entitled to its return.

### C. Should the Government Seek to Use the Recording in Any Case Against Mr. Nelson in the Future, Mr. Nelson May Seek Suppression

Mr. Nelson faces no federal charges. There is no indication that the recording he seeks is at issue in any pending state matters involving Mr. Nelson. However, should the Alaska or United States governments seek to use the recording against Mr. Nelson in a criminal case, Mr. Nelson may challenge the legality of the recordings by moving for suppression in that case.

## III. CONCLUSION

For the foregoing reasons, this Court recommends the District Court DENY Mr. Nelson's motion for return of property. Additionally, because Mr. Nelson cannot as a matter of law show that the recordings are his property, this Court recommends the District Court DISMISS his motion with prejudice.

DATED this 7th day of October, 2019 at Anchorage, Alaska.

s/ DEBORAH M. SMITH<br>
CHIEF U.S. MAGISTRATE JUDGE

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property Page **6** of **7**
Case 3:19-mc-00026-TMB-DMS   Document 6   Filed 10/07/19   Page 6 of 7

Pursuant to D. Ak. L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **CLOSE OF BUSINESS, October 21, 2019.** Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). A district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **CLOSE OF BUSINESS, October 28, 2019.** The parties shall otherwise comply with provisions of D. Ak. L.M.R. 6(a). The shortened objection and response deadlines are necessary due to the looming trial date. D.AK.L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

*In re Nelson*, 3:19-mc-000026-TMB-DMS
Final R&R on Motion for Return of Property                                                                 Page **7** of **7**
Case 3:19-mc-00026-TMB-DMS   Document 6   Filed 10/07/19   Page 7 of 7